FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 19 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
TREVORLYN CLACHAR-KIMBLE,

                Plaintiff,

                                  **MEMORANDUM & ORDER**

     -against-                          17-CV-7310 (KAM)

MTA LONG ISLAND RAILROAD,

                Defendant.
----------------------------------X

**MATSUMOTO, United States District Judge:**

        On December 14, 2017, plaintiff Trevorlyn Clachar-Kimble ("plaintiff"), proceeding *pro se*, filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). By memorandum and order dated March 28, 2018, the court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and dismissed the complaint. Plaintiff was granted leave to file an amended complaint (the "Amended Complaint") in order to allege facts sufficient to support a plausible claim that her employer discriminated and retaliated against her in violation of Title VII. On April 27, 2018, plaintiff filed the Amended Complaint, in which she reasserted her Title VII discrimination and retaliation claims and alleged a defamation claim. For the reasons set forth below, the Amended Complaint is dismissed.

1

**FACTUAL BACKGROUND**

As set forth in the Amended Complaint, plaintiff alleges that she was discriminated against by her former employer, defendant MTA Long Island Railroad ("defendant"), on the basis of her race, gender and national origin. (ECF No. 6, Amended Complaint ("Am. Compl.") at 5.)[1] Plaintiff identifies as a black female, and her national origin is Jamaica. (*Id.*) She claims that she was subjected to discriminatory conduct with respect to the termination of her employment, unequal terms and conditions of her employment, and retaliation. (*Id.* at 4.) In the facts section of the Amended Complaint, plaintiff writes, "SEE ATTACHMENT." (*Id.* at 5 (emphasis in original).) The attachment includes: (1) a document in which plaintiff drafts a series of eight "Expressions" (*id.* at 6-9); (2) a chart labeled allegations and facts (*id.* at 11-13); (3) a "Dismissal and Notice of Rights" from the U.S. Equal Employment Opportunity Commission ("EEOC"), dated November 8, 2017 (*id.* at 15); and (4) a form indicating the bases on which plaintiff believes she was discriminated (*id.* at 16).

Plaintiff alleges that during on-the-job training, she was "mentored" by Kerry Johnson. (*Id.* at 6.) Thereafter, plaintiff informed staff in charge of her training class that

---

[1] The court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

2

Ms. Johnson utilized procedures that were different from what she was learning in the training class. Plaintiff avers that following her allegations, she was informed that Ms. Johnson would no longer be a mentor, and, after that, plaintiff's "life at the railroad was never the same." (*Id.*) Other employees allegedly accused plaintiff of throwing her "mentor under the bus." (*Id.*) In addition, plaintiff alleges she was accused by fellow employees of not letting the families of employees ride the railroad for free. (*Id.* at 7-8.)

Plaintiff asserts that the following allegations were made against her by defendant: (1) in a March 3, 2016, meeting she was informed that she was "missing ink changes from GN 1-52" and a review of her cash report history showed "turning in [tickets] out of order and cutting tickets out of order" (*id.* at 11); (2) on June 5, 2016, she was alleged to have left her key in the panel on train 8094, causing four rear cars not to open (*id.*); (3) on June 6, 2016, plaintiff was alleged to have lost 15 pieces of stock and failed to report the loss to revenue compliance (*id.* at 12); (4) during an audit conducted on or about June 15, 2016, plaintiff did not have 50 pieces of uncut stock in her possession, she was missing inserts to her ADL manual, and she failed to report her lost ticket "punch" to her supervisor (*id.*); (5) on June 29, 2016, plaintiff contacted revenue compliance and asserted that she lost 19 pieces of stock

3

(*id.*); and (6) on August 24, 2016, while picking up her paycheck, plaintiff got in a dispute with a customer and "unnecessarily escalated the situation" (*id.*).

In addition to the above, plaintiff alleges that she "was basically being defamed on all levels" because "[s]omeone" was "intentionally spreading false news" and "tarnishing [plaintiff's] name and defaming [her] reputation." (*Id.* at 9.) Plaintiff seeks reinstatement to her job and monetary compensation. (*Id.* at 18.)

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings must be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se*

4

complaint liberally"). Nonetheless, where, as here, the plaintiff is proceeding *in forma pauperis*, the district court must dismiss the complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

I. **Title VII Claim**

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff asserting a Title VII discrimination claim must allege facts showing that "(1) the employer took adverse action against [her] and (2) [her] race, color, religion, sex, or national origin was a motivating factor in the employment decision," which can be shown "by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega v. Hempstead Union School Dist.*, 801 F.3d 72, 86-87 (2d Cir. 2015). Although at the pleading stage a plaintiff is not required to establish discrimination, she must plausibly allege a claim upon which relief can be granted. *Vega*, 801 F.3d at 86-87; *see also DeVore v. Neighborhood Hous.*

5

*Servs. of Jamaica Inc.*, No. 15-cv-6218, 2017 WL 1034787, at *4 (E.D.N.Y. Mar. 16, 2017) ("At the pleading stage, a plaintiff does not need to prove discrimination, or even allege facts establishing every element of the *McDonnell Douglas* [*v. Green*, 411 U.S. 792 (1973)] *prima facie* case, but the facts alleged must give plausible support to the reduced requirements of the *prima facie* case." (citations and internal quotation marks omitted)).

Title VII also contains an anti-retaliation provision, prohibiting discrimination against an employee "because [she] has opposed any . . . unlawful employment practice[.]" 42 U.S.C. § 2000e-3(a); *see also Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 567 (2d Cir. 2011) ("Title VII . . . prohibits an employer from taking 'materially adverse' action against an employee because the employee opposed conduct that Title VII forbids or the employee otherwise engaged in protected activity" (citations omitted)); *Hicks v. Baines*, 593 F.3d 159, 161 (2d Cir. 2010) ("Title VII's anti-retaliation provision makes it unlawful 'for an employer to discriminate against any . . . employee[] . . . because [that employee] opposed any practice' made unlawful by Title VII (alterations in original) (quoting 42 U.S.C. § 2000e-3(a))). To establish a prima facie retaliation claim, a plaintiff must show: "(1) participation in a protected activity; (2) that the defendant

6

knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Littlejohn v. City of New York*, 795 F.3d 297, 316 (2d Cir. 2015) (quoting *Hicks*, 593 F.3d at 164).

Even liberally construing the Amended Complaint, plaintiff fails to make out a *prima facie* case of discrimination or retaliation. With respect to plaintiff's discrimination claim, there are no factual allegations from which the court may plausibly infer that plaintiff's termination was motivated in any way by her sex, race, or national origin. *See Vega*, 801 F.3d at 87 ("[A] plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination."). As for plaintiff's retaliation claim, she fails to plead any facts demonstrating that she participated in a protected activity in response to which defendant retaliated against her in a manner that adversely affected her employment. *See Littlejohn*, 795 F.3d at 316. Accordingly, plaintiff's Title VII claim is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

## II. Defamation Claim

Defamation is defined as "the making of a false statement which tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society." *Foster v. Churchill*, 665 N.E.2d 153, 157 (N.Y. 1996) (citations and internal quotation marks omitted). To state a claim for defamation under New York law, a plaintiff must allege: "(1) a false statement, (2) published without privilege or authorization to a third party, (3) constituting fault as judged by, at a minimum, a negligence standard, and (4) causing special harm or constituting defamation per se." *Bernstein v. Seeman*, 593 F. Supp. 2d 630, 635 (S.D.N.Y. 2009) (citing *Salavtore v. Kumar*, 845 N.Y.S.2d 384, 388 (N.Y. App. Div. 2007)).

Plaintiff alleges defamation on the basis that "[s]omeone" was "intentionally spreading false news" and "tarnishing [plaintiff's] name and defaming [her] reputation." (ECF No. 6, Amend. Compl. at 9.) She does not identify who was making these statements or precisely what defamatory statements were made. Plaintiff's failure to identify the anonymous "someone" is fatal to her claim. *See In Touch Concepts, Inc. v. Cello P'ship*, 949 F. Supp. 2d 447, 484 (S.D.N.Y. 2013) (dismissing defamation claim against corporate defendants when

plaintiff failed to allege which defendant made defamatory statement); *Camp Summit of Summitville, Inc. v. Viniski*, No. 06-cv-4994, 2007 WL 1152894, at *12 (S.D.N.Y. 2007) (dismissing defamation claim that failed to allege "who at [defendant organization] made the defamatory remarks"). Accordingly, the court does not address whether plaintiff alleges sufficiently the other elements of a defamation claim.

## CONCLUSION

For the foregoing reasons, all of plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion to proceed *in forma pauperis* is granted solely for purposes of this Order. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case, mail plaintiff a copy of this Memorandum and Order and the judgment, and note service on the docket.

**SO ORDERED.**

/s/
**HON. KIYO A. MATSUMOTO**
United States District Judge

Dated: July 16, 2018
Brooklyn, New York